**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4829-17T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

HERSHEL M. BOXTON, a/k/a
DANNY BASS, MIKE BOXTON,
RAHEEM BOXTON, HERSHEL
STEWART, MIKE WALKER,
and HERSHAL BOXTON,

     Defendant-Appellant.

_____

Submitted February 12, 2019 – Decided March 11, 2019

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 97-08-3405.

Hershel Boxton, appellant pro se.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of the Law Division dated May 11, 2018, which denied defendant's motion to correct what he claims is an illegal sentence. We affirm the denial of defendant's motion, but remand the matter to the trial court for entry of an amended judgment of conviction (JOC).

In 1997, an Essex County grand jury returned indictment No. 97-08-3405, which charged defendant with various offenses arising from burglaries committed on March 25, 1997, a robbery and murder committed on March 30, 1997, and the unlawful possession of a handgun on April 9, 1997. The trial court severed four charges and in 1998, defendant was tried before a jury on the remaining charges.

The jury found defendant guilty of third-degree conspiracy to commit burglary and theft, N.J.S.A. 2C:5-2, 2C:18-2, 2C:20-3(a) (count one); third-degree burglary, N.J.S.A. 2C:18-2 (count four); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count five); third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b) (count eight); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2, 2C:15-1 (count nine); first-degree robbery, N.J.S.A. 2C:15-1 (count ten); second-degree reckless manslaughter of Emmett Green, N.J.S.A. 2C:11-4(b)(1), a lesser-included

offense of murder, (count eleven); first-degree felony murder, N.J.S.A. 2C:11-3(a)(3) (count twelve); third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b) (count thirteen); second-degree possession of a weapon (handgun) for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count fourteen); and third-degree unlawful possession of a weapon (handgun), N.J.S.A. 2C:39-5(b) (count fifteen). Defendant was found not guilty of second-degree conspiracy to commit murder, the murder of Greene, and the aggravated manslaughter of Greene.

Thereafter, defendant pled guilty to the severed charges: third-degree burglary, N.J.S.A. 2C:18-2 (count two); third-degree theft by unlawful taking, N.J.S.A. 2C:20-3(a) (count three); and third-degree unlawful possession of a weapon (shotgun), N.J.S.A. 2C:39-5(c)(1) (counts six and seven).

At sentencing, the judge merged various offenses and sentenced defendant to concurrent five year terms on counts two, three, four, five, six, seven, eight, thirteen, and fifteen. The judge also sentenced defendant on count twelve (felony murder) to life imprisonment, with thirty years of parole ineligibility, and ordered that the sentence be served consecutively to the other sentences. The judge filed a JOC dated May 19, 1998. Defendant appealed. We affirmed

A-4829-17T4

defendant's convictions. State v. Boxton, No. A-1456-98 (App. Div. Jan. 31, 2000).

On April 27, 2004, defendant filed a petition for post-conviction relief (PCR), alleging ineffective assistance of counsel. On March 26, 2007, the Law Division denied the petition and defendant appealed. We affirmed the denial of PCR. State v. Boxton, No. A-0855-07 (App. Div. Feb. 18, 2010). In our opinion, we stated that the trial record established that

> on March 25, 1997, Tyrus Sheppard burglarized two residences in Irvington, while defendant and his girlfriend, Sonia Christmas, remained in a car as lookouts. During the course of the burglaries, Sheppard took from the home of Shelton Wyche a .38 caliber handgun.
>
> On March 30, 1997, Mark Howard drove defendant and Sheppard around Newark looking for a source for drugs. Defendant was armed with a .357 magnum handgun, and Sheppard was armed with the .38 caliber gun stolen from Wyche. At approximately 4:00 p.m., while driving down South 9th Street in Newark, the men saw what appeared to be drug dealing in an alley next to a blue abandoned house. Howard parked, and first Sheppard and then defendant alighted from the vehicle and proceeded into the alley. Several minutes later, a shot was heard by local residents Baleegh McCrimmon, Cynthia Jones, and Janette Muldrow, as well as Howard. Defendant was seen running from the alley, followed by Sheppard. They proceeded into the abandoned house and, after determining that the victim, Emmett Green, who had been selling drugs through the window, was dead,

4

defendant took $300 in cash from Green's hand and Sheppard took Green's stash of drugs. The two men then fled the building, entered Howard's car, and instructed him to drive away. During the course of the drive, defendant, Sheppard and Howard divided the cash and the drugs.

[Slip op. at 4-5.]

In August 2017, defendant filed a pro se motion to correct what he claimed was an illegal sentence. In the accompanying brief, defendant argued that he should not have been sentenced to a life sentence, with thirty-years of parole ineligibility, because he was convicted of the felony murder, not knowing and purposeful murder. He also argued that the JOC should be amended to reflect that defendant was not convicted of conspiracy to commit murder.

The Law Division entered an order dated May 11, 2018, which denied defendant's motion. The order states that defendant's motion was procedurally barred by Rule 3:21-10(a) because it had not been filed within sixty days after the date of the JOC, and none of the exceptions in Rule 3:21-10(b) apply. This appeal followed.

On appeal, defendant raises the following arguments:

POINT I
APPELLANT SUBMIT[S] THAT THE TRIAL COURT DID NOT BASE [ITS] FINDING OF FACT AND CONCLUSION OF LAW ON THE MERITS OF HIS ILLEGAL SENTENCE PETITION BUT

5

INSTEAD MISQUOTED THE RELIEF SOUGHT ON POST CONVICTION RELIEF AND DENIED THE PETITION IN VIOLATION OF APPELLANT'S DUE PROCESS UNDER THE NEW JERSEY STATE CONSTITUTION.

POINT II
APPELLANT SUBMIT[S] THAT THE TRIAL COURT DID NOT BASE [ITS] FINDING OF FACT AND CONCLUSION OF LAW ON THE MERITS OF HIS JUDGMENT OF CONVICTION SHOULD BE AMENDED TO REFLECT THAT THE APPELLANT WAS NOT CONVICTED OF CONSPIRACY TO COMMIT MURDER CONTRARY TO THE FINAL CHARGES IN COUNT NINE AT TO 2C:15-1 AND 2C:11-3 IN VIOLATION OF APPELLANT'S DUE PROCESS UNDER THE NEW JERSEY STATE CONSTITUTION.

We have considered defendant's arguments in light of the record and the applicable law. We conclude that defendant's arguments are entirely without merit. The Law Division judge correctly found that defendant's motion to correct what he calls an illegal sentence is barred by Rule 3:21-10(a) because it was not filed within sixty days after the date of the JOC, and none of the exceptions in Rule 3:21-10(b) apply. As noted, the JOC in this matter is dated May 19, 1998. His motion was filed in August 2017.

Defendant essentially argues that the exception in Rule 3:21-10(b)(5) applies because his sentence was not authorized by the Code of Criminal Justice. He asserts that penalty for murder is life imprisonment, and he should not have

6

received a life sentence because he was found guilty of felony murder. We disagree. N.J.S.A. 2C:11-3(a)(3) states that "criminal homicide constitutes murder when . . . the actor . . . is engaged in the commission of . . . attempting to commit robbery . . . and in the course of such crime . . . any person causes the death of a person other than one of the participants."

Thus, under the Code, felony murder "constitutes murder" and the penalty for murder is between thirty years and life imprisonment. N.J.S.A. 2C:11-3(b)(1). Defendant's sentence for felony murder is expressly authorized by the Code. Therefore, the Law Division correctly determined that defendant's motion for a reduction of his sentence was barred by Rule 3:21-10(a).

Defendant further argues that his JOC should be amended to reflect that he was not found guilty of conspiracy to commit murder. The JOC states that defendant was found guilty of second-degree conspiracy to commit murder and robbery, as charged in count nine.

The verdict sheet indicates that the jury was asked to determine whether defendant was guilty of second-degree conspiracy to commit murder, and whether he was guilty of second-degree conspiracy to commit robbery. The jury found defendant not guilty of conspiracy to commit murder, but guilty of conspiracy to commit robbery.

However, as written, the JOC could be interpreted to mean that defendant was found guilty of both conspiracy to commit murder and conspiracy to commit robbery. Therefore, we remand the matter to the trial court for entry of an amended JOC, stating that defendant was convicted on count nine of conspiracy to commit robbery.

Affirmed, but remanded to the trial court for entry of a corrected JOC in conformance with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4829-17T4